Morning Honorable Justices. Oh, that's our field promotion right there See when we start talking about Supreme Court cases people get delusions of grandeur But thank you First of all Michael Kwasiber on behalf of Miss Rodriguez who's present and would ask me to express Okay, her appreciation also for your consideration of these matters. It's very serious and obviously I know the court understands the upset to Miss Rodriguez regardless of what happened So if I can just cut right to the chase, I do want to reserve any time half Seven and a half minutes seven half minutes. Okay. Sounds good. Thank you. All right So I'm gonna cut right to the chase your honors Issue number one is in the response brief the appellees quote the daily versus Vought case on page five and I'm gonna tell the justices that I believe that that case helps us tremendously and we appreciate it because one of the issues they raise is mootness and we believe this appeal is certainly not moot because as quoted in the appellees brief on page five The court in daily though. It's a Fifth Circuit case It's very persuasive to the point that when you're talking about the suspension of an attorney The mere blemish on the record the stigma of having had a suspension Is sufficient for the court to have jurisdiction to grant some relief? So it's not the end of the story that the suspension time may have run Absolutely, not and in fact, that's exactly that's exactly what the daily court said And the other thing is they talked very much about the notice and the notice of the type of sanction because in that case The attorney paid the monetary sanction, but the court didn't suspended her also So if I can cut to the chase on this and get right till I think the major points are and let me be brutally Honest it's a tough thing for me to do to argue, but it's not to the extent that ms. Rodriguez was as forthcoming as she was She stood right there and said basically Paraphrasing I made a huge mistake, and I'm sorry However, the appellees brief argues there's been a waiver There has not been a waiver Factually we have to remember that the original OSC only cited a $25,000 sanction as being under consideration by the court How did we get to the the suspension then? The court okay, so this is was my next point ms. Rodriguez unequivocally said Would the court perhaps? Consider a suspension you're you're starting too far down the line because I believe ms. Rodriguez also said a $25,000 fine would have negative impact on her ability to practice law. That's correct your honor Therefore would you consider right, but here's where I want to be clear What that issue addresses essentially the issue of waiver Okay, we have to again be factually clear. I understand what she said I understand where she said it in the context But here's what she said perhaps The OSC was never amended the court didn't set it for argument on that issue. What would have happened? What what difference would it made Well, I believe she could have very successfully argued that a six-month suspension was way too much In fact, I think under the circumstances and I want to just point one thing out. I know it's in our brief Because of what she did the circumstances that led her to try to do this for this lady who didn't use text Didn't have email Right, so she was trying to accommodate her I know that's in dispute perhaps but remember ms Aguirre's new attorney even said he did not blame my client for what she did his words quoted in our brief Because of the I'll use it, but that's fine. I appreciate that But it was still filing a petition without an original signature Unequivocally are but the question is the background because here's the key. I'm trying to get My client was never given the opportunity to argue the severity of that sanction She brought it up. She suggested it to the court It is my position the court should have given her the opportunity to argue the severity of that sanction It should not have been six months. And in fact What the court did do at some point was suspend her ability to use ECF for filing at all Which was kind of moot once he suspended her ability to practice period But the point is that what she did and this gets to the whole issue of does the punishment fifth crime? She didn't steal money from a client. She didn't go out and commit major fraud She and here's where the factual dispute that never was able to be argued to the lower court Exists the court made a finding without any Ability to argue that somehow she fabricated this power of attorney As I think we put in our brief and was set in the record she had the ability to bring in her office staff to say no, no, no, no, we saw it and The debtor didn't she file a declaration afterwards from what for her office staff? I'm sorry. Yes. She did. Yeah What was it raised then? I believe it was I don't think it was. Okay. Well, let me just say this to the court I don't think it matters because Judge Clifford never gave my client the opportunity to argue the severity of the sanction just like in the Daley case It was issued Maybe not sui sponte, but certainly without any opportunity for my client to argue And so I believe that where the error occurred was in not giving my client It's not an evidentiary hearing and perhaps the opportunity to cross-examine ms. Aguirre, which would have been uncomfortable, but she was facing What turned out to be a very severe sanction there are many other types of sanctions under $25,000 as far as any sanction Yes, but it was monetary not a suspension of her license and she wasn't given the effort by her own statement I'm sorry License it was a suspension of her ability to practice in one court. Well, I understand you're okay But in my view, it's it's six one half a dozen the other because she was a certified bankruptcy specialist Who made the majority of her income in bankruptcy court? So as a cousin that cut against the argument that One would think that a specialist Would then know better? Yes, we understand your honor. Look and and let's let's not There's no What I don't hear and I don't believe was really argued in the brief was that there was no basis for a sanction, right? We're not arguing there was no it's just which one and according to you the duration the severity and what type of a suspension because And sometimes hindsight's 2020, but they suspended her from using ECF which was again moot But I think she violated ECF slash signature rules I think she should have been suspended from using CECF so that she had to declare that every signature was in fact an original hand wet signature and filed personally at the court not Lose her ability to practice in that court her main court for What was she she was willing to be suspended? Well, if I can just say this you're sure. Okay, there was no formal notice that she was gonna be and I'm gonna get to the court's comment and Her words were a one-liner. I understand the context though Perhaps Well, that's because she doesn't get to dictate. I mean, let's not play silly games with words. That's why she said perhaps She doesn't get to tell the court what to do. Well, that's right. All right, that's purely deference on her part. It's nothing else However, I'd go on if I were you however The court did not give her the ability to argue the severity or the length Well that brings up an interesting point in this go ahead right because there was no opposition Well, she was given the opportunity to speak by leave of court And She did and she appeared and she told the court basically she falls on her sword. She never argued She did wrong She was arguing about the sanction, but it's basically I didn't know you're gonna suspend me that long That's the argument. I Would disagree with that characterization, but I understand where the courts coming from you're at about seven minutes now, but this is a good Okay, you bet. Thanks. Okay. I have a couple more points. They're gonna be very brief Well, if you want to do them now, it's a it's your time. Okay. Okay. Okay You Good morning, your honors may it please the court Frederick Gaston Hall from the Department of Justice for the United States trustee This court should affirm the bankruptcy courts order imposing sanctions on miss Rodriguez The bankruptcy court did not abuse its discretion in accepting miss Rodriguez's invitation and suspending her from practice before the bankruptcy court Both rule 9011 and the bankruptcy courts inherent authority Independently authorized a suspension as a sanction and the bankruptcy court did not abuse its discretion in finding both applied Where the undisputed evidence showed that miss Rodriguez filed a petition with forged signatures and committed other misconduct on that point, though The debtor did dispute that it was forged Your honor the debtor is the one who asserted it was forged. I'm sorry. There's count miss Rodriguez Yes, sorry collapse those two yeah should not but but there was a dispute that it was forged At a colloquy with the court. Miss Rodriguez said she disagreed with the sworn declaration of ms That the that the power quote-unquote power of attorney was forged she didn't put on any evidence, right and that's the point Right is that there was no evidence Correct. Your honor. That's I tried to be specific there The undisputed evidence was that it was forged because miss Rodriguez had an opportunity to file a response To the order she caused and I say opportunity. It was a requirement It was a court order you shall file a response and she didn't you shall file a reply to ms. Aguirre's Response to the order show cause which included this allegation Sworn under penalty of perjury that the power of attorney was forged. She didn't comply with that part of the order show cause either so We have a we have a procedure that the bankruptcy court put in place to accept evidence on this question and she didn't do any And even though she did submit evidence after the close of the hearing as your honor noted She didn't include any evidence about this power of attorney issue It was just a question of what did the court say at the last hearing? So I I think you know, the evidence says what it says and the evidence says this power of attorney was forged I Want to briefly come to something that opposing counsel said about the mootness issue We agreed that this is not constitutionally moot because she is currently still suspended as far as I can tell I do question whether the stigma argument applies here because as counsel admitted She's not challenging that. She should have been sanctioned so we have an instance where she's challenging a specific part of the sanctions order, but not that she should be sanctioned or Three of the four sanctions that the court imposed so I I don't have a burden to show that it's moot He has a burden to show that it's not moot, but I would just point that out And we've already talked about her opportunity to well the whole point of the show cause process Was to give her an opportunity to argue about whether a sanction should be imposed and the severity The opportunity to say how long of a sanction the court should impose Was at the order to show cause hearing if not in a response or a reply that was required earlier. So she raises Perhaps the court should would consider suspending me in lieu of a large monetary penalty and She's excuse me. She specifically noted the court should suspend me for as long as the court thinks appropriate So that was her opportunity to say I think a two-month suspension would have been appropriate, but she didn't do that She just said whatever the court thinks is appropriate I Think our brief speaks for itself I'm happy to answer the court's questions, but I don't want to belabor this if the court doesn't have any further questions for me Judge lemon, I don't Okay back to the appellant, thank you, I Think I need to clarify and I thought it was in our brief, but let me make it brutally clear We are not arguing that she should not have been punished She acknowledged she should be punished the question was the severity and I would further argue that when an attorney stands there in the throes of the situation and says Perhaps you should consider Suspending me that is not a waiver which requires a knowing and intelligent waiver of the right to argue the severity of that sanction Arguably the failure to respond to in order to show cause to file a written explanation is That waiver but she showed up and just basically fell on her sword and remember the notice she got was referred was for 25,000 no mention of suspension at all and I understand the appellees doing what they should do Talk about her offering that as an option, but that's what she did She never waived the right to talk about it to argue about it or to argue that maybe she should be suspended for one day I'm not trying to make things ridiculous but what I'm saying is When you good look to the very Initial record she talks about having to hire an attorney her Fifth Amendment rights all of that Which in my view and as it says in the daily case in page 5 of appellees brief These actions do raise crazy Quasi criminal rights. I mean it's in there and that's they argued that doesn't apply but in fact their own case does support that giving her the right to some kind of Right to be heard on being suspended because I just want to say the record is crystal clear My client used the words perhaps I know Judge Lafferty is saying I should move on from that, but she didn't stand there and say it's not persuasive I'm sorry. I'm saying it's not very persuasive, but do whatever you want. Well, okay I appreciate that your honor because I do listen. Okay, my coaches used to say it was very coachable sometimes in any event The point is the point is that? then what happens the proceedings are terminated and She suspended for six months without one five minute ability to argue the length or Was she unable at that moment to say, you know, maybe you would think about six months I think two would be fair because She have the chance to do that. No, she didn't your honor. I'll tell you why was she restrained somehow not restrained But the issue of how long it would be or that he would even do it wasn't even raised by the court The discussion and this and that just was totally out of her mind that might happen, huh? She never considered that. I mean she's raising it as an issue Okay, but the issue of the length or severity was never discussed And in fact, I don't believe the record shows the court said it was even considering it The first she saw it was when the record came down with it when the ruling came down so I'm just here to say that I believe Informal discussions because the appellee points out what is very correct. She was never even placed under oath These were discussions on the record. It was not a formal hearing per se, although I understand she was acting Let me take her this seriously She's an officer of the court and she knew it and she was there in great candor And I bet that those are all points in her favor, correct? Whether she was under oath or not is not the issue for me She would have been truthful one way or the other I'm sure and she was okay in her view and I appreciate Justice Sprinker's Comment about the fact that she disputed that the power of attorney was forged That's an issue that was raised by Judge Clifford in his ruling and lent him to the severity of the sanction But was there any evidence? controverting that There was no opposition so there couldn't be any evidence Controverting that Okay, I'll accept that your honor except that I Appreciate Judge Lafferty's comment that she was an offer officer of the court was extremely candorous So right, but but that's the tension in bankruptcy at some point. Oh We are courts and rely upon evidence We understand your honor. However, these are unique situations Which is why I go back again to the daily case Even though I cited of the cases that more procedural protection should have been followed if I have to use the word Suisponti by the court the court should have given her the opportunity because I will be quite frank. I believe had she gone back there would have been arguments against an actual suspension and Please recall that suspension can also be suspended. In other words, you're suspended for three months You got to do your continuing education You can't use ECF and maybe you're limited to not following petitions only doing litigation This was a petition. I don't know but we never got there because we never had the opportunity so I stand on the fact that I think my client never waived her right to argue all of that and was also never given the opportunity because the facts of the procedural aspects are It was discussed as an option and then the ruling came down and she was never told by the court. Yeah, I'm considering that Back to judge Lafferty's point How much what would you be willing to think was reasonable or something to that effect because they were informal discussions and at one point? I don't have it in front of me So I apologize, but the court did say I'm going to set it for a hearing and then he didn't I think I quoted that My brief so she showed up and you'll see in the record She's actually surprised the court was not going to allow further argument He was only setting it in his mind as a holding date for issuing the decision so I think the record very fairly characterized is that she assumed she'd get one more bite at the apple and she didn't and In the interim she had hired me and was going to ask for a hearing where I could appear because I couldn't be there that particular day and then was told the Decisions coming down. I don't know if this is helpful. But I mean are there Do you have a case law basis to say under these circumstances? It should have been two months not six No, because There's nothing in front of the judge that says oh six months is definitely too long two months would have would have been right I understand what the court is saying but I go back to what I'm saying which is but she never got the opportunity to argue it because The discretion of the court as to what an appropriate sanction is is Factually based and that's where the daily case and all of our authorities say she should have had though There's no there's no legal standard here that he didn't follow. He just didn't listen to her. Here's the point No, I disagree. I think the legal standard is you should have given her the opportunity There's no there's no case that says you never suspend somebody for six months for forging a signature, right? Okay. Thank you I think I Can take the hint I want to ask if the justices have any other questions for me. Otherwise, I will adjourn Thank you very much, we will take it under submission and get your written decision as soon as we can Okay, thank you
judges: Lafferty, Spraker, and Niemann